IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| NANCY LANG, individually and on behalf of a class of all persons and entities similarly situated,<br><br>        Plaintiff<br><br>vs.<br><br>COLONIAL PENN LIFE INSURANCE COMPANY<br><br>        Defendant. | Case No.<br><br>CLASS ACTION COMPLAINT |

## CLASS ACTION COMPLAINT

### Preliminary Statement

1. As the Supreme Court explained at the end of its term last year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

2. Plaintiff Nancy Lang ("Plaintiff") brings this action under the TCPA alleging that Colonial Penn Life Insurance Company ("Colonial Penn") made illegal telemarketing to originate new customers by calling residential numbers listed on the National Do Not Call Registry, like Ms. Lang's number, which is prohibited by the TCPA.

3. The Plaintiff never consented to receive the calls, which were placed to her for telemarketing purposes. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, the Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

4. A class action is the best means of obtaining redress for the Defendant's wide scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

5. Plaintiff Nancy Lang is a resident of this District.

6. Defendant Colonial Penn Life Insurance Company is a Pennsylvania corporation that is registered to do business in the state of Florida.

## Jurisdiction & Venue

7. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

8. Venue is proper under 28 U.S.C. § 1391(b)(1) because the Defendant is a resident of this District and under 28 U.S.C. § 1391(b)(2) because the calls to the Plaintiff were made into this District.

## The Telephone Consumer Protection Act

9. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

10. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

11. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

12. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

### Defendant's Telemarketing

13. Defendant Colonial Penn is a life insurance company that offers those insurance services to adults nationwide.

14. Colonial Penn uses telemarketing to promote their services.

15. Recipients of these calls, including Plaintiff, did not consent to receive them and that conduct runs afoul of the TCPA when they are listed on the National Do Not Call Registry, like the Plaintiff.

### The Calls to Ms. Lang

16. Plaintiff Lang is a "person" as defined by 47 U.S.C. § 153(39).

17. Plaintiff has a private telephone number of (850) 386-XXXX.

18. The number is not associated with any business.

19. The number is on the Federal Do Not Call Registry since July 1, 2003.

20. The number is also on Florida's Do Not Call list.

21. The number is used for Ms. Lang's personal use.

22. Colonial Penn, or an insurance agent of theirs, has placed multiple telemarketing calls to Ms. Lang since the Spring of 2020.

23. One such call, but not believed by Ms. Lang to be the first, was made on May 8, 2020.

24. The call came from 800-323-4542.

25. This is a phone number owned by Colonial Penn. *See* https://www.mycolonialpenn.com/.

26. The call advertised the life insurance services of Colonial Penn and solicited Ms. Lang to make a purchase.

27. Following the call, Ms. Lang e-mailed a law firm that she believed represented Colonial Penn to ensure that the call ceased.

28. Ms. Lang also filed a complaint with the Florida Department of Agriculture and Consumer Services. In her complaint, she stated:

> Colonial Penn is a VERY BIG company. I have repeatedly asked them to stop calling me but the calls continue. I have no business relationship with them; I have not requested any information from any insurance company in over a decade and because of their harassment, would never do business with Colonial Penn. They are selling a product I do not want. I want them to GO AWAY!

29. However, the calls continued.

30. The Plaintiff also received calls on June 16, 2020 and in July of 2020.

31. The calls were similar in substance to the May 8, 2020 in promoting Colonial Penn's services.

32. Specifically, the caller on the June 16, 2020 call identified themselves as calling on behalf of Colonial Penn.

33. Finally, despite her repeated contacts and requests, the calls only stopped when the Florida Department of Agriculture and Consumer Services ensured that Ms. Lang's number was placed on Colonial Penn's do not call list following a complaint she made to them about the continued calling.

34. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up during the telemarketing calls and their privacy was improperly invaded. Moreover, these calls injured Plaintiff and the other call recipients because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of plaintiff and the class.

## Class Action Allegations

35. As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of Class of all other persons or entities similarly situated throughout the United States.

36. The class of persons Plaintiff proposes to represent is tentatively defined as:

> **National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Colonial Penn (3) within a 12-month period, (4) from four years prior the filing of the Complaint through trial.

This is referred to as the "Class".

37. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

38. The Class as defined above is identifiable through phone records and phone number databases.

39. The potential members of the Class is likely to number in the thousands based on the automated telemarketing conduct.

40. Individual joinder of these persons is impracticable.

41. The Plaintiff is a member of the Class.

42. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

    (a) whether Colonial Penn systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

    (b) whether Colonial Penn made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

    (c) whether Defendant's conduct constitutes a violation of the TCPA; and

    (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

43. Plaintiff's claims are typical of the claims of members of the Class.

44. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class, she will fairly and adequately protect the interests of the Class, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

45. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents.

46. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

47.     Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

48.     The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

49.     The Defendant's violations were negligent, willful, or knowing.

50.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of up to $1,500 in damages for each and every call made.

51.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## Relief Sought

For himself and all lass members, Plaintiff requests the following relief:

A.     Certification of the proposed Class;

B.     Appointment of Plaintiff as representative of the Class;

    C.    Appointment of the undersigned counsel as counsel for the Class;

    D.    A declaration that Defendant and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

    E.    An order enjoining Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant' behalf from making telemarketing calls, except for emergency purposes, to any residential number for in the future.

    F.    An award to Plaintiff and the Class of damages, as allowed by law;

    G.    Leave to amend this Complaint to conform to the evidence presented at trial; and

    H.    Orders granting such other and further relief as the Court deems necessary, just, and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Respectfully Submitted,

Dated: April 19, 2021

*/s/ Avi R. Kaufman*
Avi R. Kaufman (FL Bar no. 84382)
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Counsel for Plaintiff and the putative class*